## STATE v. WALSH.

An allowance of a *per diem* to a person detained in vacation in custody as a witness in a criminal case, cannot be charged in a bill of costs taxed against the defendant on conviction.

On error to the Mercer county Quarter Sessions.

Argued at June Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and PARKER.

For the defendant, R. S. Woodruff, Jr.

For the state, M. Beasley, Jr.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The defendant was convicted on an indictment for an assault and battery, and one of the items of costs taxed against him was for the *per diem* of a

witness during his detention in jail under the commitment of a magistrate, such witness having been unable to procure security for his appearance at the trial. The question is whether, when a *per diem* had been paid to a person thus held in custody to insure his presence as a witness before the grand jury and on the trial, it can be charged in the bill of costs against the convicted defendant. It further appears in the case that at the time of the commitment of the witness by the justice, the court to which he was bound to appear was not in session, and that before such court sat many days elapsed, and that for each of such days a fee was allowed and charged in the bill of costs.

Such charges are plainly illegal. All costs are the creatures of the statute, as has .been repeatedly decided by this court, and no statutory provision is to be found which legalizes these items. The only clause in the fee bill relative to this subject is that contained on page 408 of the Revision, and which in terms gives a fee *per diem* " for every witness attending a court." A person who is committed into the custody of the jail because he cannot give security for his appearance at the proper time, is not, during his confinement, " a witness attending court." He is no more a witness in attendance at court, under the conditions stated, than he would be such if he had entered into a recognizance for his appearance. As there is no legislative authority for the charge in question, such charge was unwarranted, and therefore the judgment must be reversed.